## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Justin Scott Coffey, | Civ. No. 18-0204 (JNE/BRT) |
| Petitioner, | |
| v. | **REPORT AND** |
| Warden R. Marquez, | **RECOMMENDATION** |
| Respondent. | |

Justin Scott Coffey, 14858-030, FCI Sandstone, PO Box 1000, Sandstone, MN 55072, *pro se* Petitioner.

David W. Fuller, Esq., Assistant United States Attorney, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

In this action under 28 U.S.C. § 2241, Petitioner Justin Scott Coffey contends that prison officials abused their discretion by reducing the length of his pre-release placement in a residential reentry center ("RRC" or "halfway house"). (Doc. No. 1, Habeas Pet.) For the reasons stated below, this Court recommends that Petitioner's § 2241 action be dismissed for lack of subject-matter jurisdiction, or in the alternative, be denied on the merits.[1]

---

[1] As discussed more fully below, Respondent's actions in this case initially had the effect of postponing Petitioner's scheduled early release date from July 22, 2018, until September 2018. Petitioner's early release date has now been moved back to an earlier date of July 16, 2018. Therefore, Petitioner's claim is also likely moot as it relates to early release.

I. **Background**

Petitioner is a federal prisoner who, at the time he filed this action, was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"). (Habeas Pet. 1; Doc. No. 7, Decl. of Melissa Acevedo ("Acevedo Decl.") ¶ 5, Ex. A at 2.) Petitioner was convicted of conspiracy to manufacture and distribute at least 100 kg of marijuana in the United States District Court for the Southern District of Iowa, and sentenced to a 63 month term of imprisonment. (Acevedo Decl. ¶ 5) His projected release date is July 16, 2018. (*Id.*) This is an early release date pursuant to 28 U.S.C. § 3621(e) for the successful completion of a Residential Drug Abuse Program ("RDAP"). (*Id.*)

Inmates can be designated to an RRC as a pre-release placement at the end of their sentence. (Acevedo Decl. ¶ 6.) RRCs provide a safe, structured, and supervised environment, as well as employment counseling, job placement, financial management assistance, and other programs and services. (*Id.*) RRCs help inmates gradually rebuild their ties to the community and facilitate supervising ex-offenders' activities during this readjustment phase. (*Id.*) In a similar manner, home confinement placements assist inmates but also provide them with an increased level of personal responsibility while providing sufficient restrictions to promote community safety. (*Id.*)

In the Second Chance Act of 2008 ("SCA"), Congress increased the maximum allowable time for such placements by providing the Bureau of Prisons ("BOP") with authority to grant "to the extent practicable" an inmate up to twelve months in a pre-release RRC placement at the end of the inmate's sentence. 18 U.S.C. § 3624(c)(1); (Acevedo Decl. ¶ 7). The SCA also authorizes the BOP to place an inmate on home

2

confinement for a period of ten percent of the inmate's term of imprisonment or six months at the end of the sentence, whichever is shorter. 18 U.S.C. § 3624(c)(2); (Acevedo Decl. ¶ 7.)

An inmate's request for RRC or home confinement placement is evaluated using the following criteria: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(6); (Acevedo Decl. ¶ 8). Inmates are evaluated for pre-release RRC placement and/or home confinement 17–19 months before their projected release dates. (Acevedo Decl. ¶ 8.) After an inmate's individualized assessment for pre-release placement under the § 3621(b) factors has been conducted, the institution's recommendation is forwarded to the Residential Reentry Manager's ("RRM") office overseeing the proposed RRC. (*Id.* ¶ 9.) RRM staff finalize the recommendation. (*Id.*) Changed circumstances may ultimately result in the modification or cancellation of the recommended placement. (*Id.* ¶ 14.)

Congress also mandates, subject to available funding, that the BOP "shall provide residential substance abuse treatment . . . for all eligible prisoners." 18 U.S.C. § 3621(e)(1)(C). The incentive for prisoners to enroll in the intensive nine-month RDAP––as opposed to the BOP's various non-residential drug treatment options—is a possible reduction in sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B); (Acevedo Decl. ¶ 11).

To successfully complete RDAP, inmates must complete a minimum of 120 days in a Transitional Drug Abuse Treatment ("TDAT") program while in community confinement, such as an RRC or home confinement. 28 C.F.R. § 550.53(a)(3); (Acevedo Decl. ¶ 10, Ex. B at 1–2). If inmates cannot fulfill the TDAT portion of RDAP before their provisional § 3621 release date, the provisional release date can be adjusted "by the least amount of time necessary to allow inmates to fulfill their treatment obligations." 28 C.F.R. § 550.55(c)(3); (Acevedo Decl. ¶ 11).

BOP Unit Team Staff reviewed Petitioner under the § 3621(b) factors for a pre-release RRC placement on June 22, 2017. (Avecedo Decl. ¶ 12, Ex. C.) Unit Team Staff recommended that Petitioner be placed into a pre-release RRC on January 24, 2018, upon completion of the RDAP. (*Id.*) Unit Team Staff determined that Petitioner had participated in educational and vocational programs, counseling programs, and RDAP; had made his financial responsibility payments; and was participating in the release preparation program. (*Id.*) Further, Petitioner had significant resources available to him upon release, including family support, general job skills, and life skills. (*Id.*) At the time this recommendation was made, Petitioner's projected release date was July 22, 2018, via a § 3621(e) early release. (Avecedo Decl. ¶ 12, Ex. C at 1.)

FCI Sandstone's recommendation was referred to the RRM to be finalized, and Petitioner was accepted at an RRC in Davenport, Iowa, for a pre-release RRC placement beginning on January 24, 2018. (Acevedo Decl. ¶ 13.) This placement date would have allowed him time to complete the TDAT portion of RDAP prior to his release date. (*Id.*) After Petitioner had been accepted by the Davenport RRC, however, the number of available beds was reduced, necessitating a second review of the § 3621(b) factors for all

4

inmates pending placement at the facility. (*Id.* ¶ 14.) During this secondary review, it was determined that although Petitioner's specific characteristics had not changed, the resources of the facility had changed, resulting in greater weight being placed on the § 3621(b)(1) factor than had been previously. (*Id.* ¶ 15.) Thus, RRM staff determined that Petitioner's pre-release RRC placement should be postponed until March 21, 2018. (*Id.*) This new placement date still allowed Petitioner time to complete the TDAT portion of RDAP prior to his scheduled July 22, 2018 release date. (*Id.*)

Unfortunately, demand for available beds at the Davenport RRC increased yet again, necessitating a third review of Petitioner's § 3621(b) factors. (Acevedo Decl. ¶ 16.) In December 2017, RRM staff determined that Petitioner's pre-release RRC placement needed to be postponed until May 15, 2018. (*Id.*) With this new pre-release RRC placement date, Petitioner would have been unable to complete the TDAT portion of RDAP by his then-scheduled release date of July 22, 2018. (*Id.*) Therefore, pursuant to 28 C.F.R. § 550.55(c)(3), Petitioner's provisional release date was adjusted to September, 2018. (*Id.*)

Finally, after Petitioner filed this petition, the RRM reviewed the bed allocations for Davenport RRC and determined that Petitioner would be placed in that RRC on March 13, 2018, which allowed his provisional § 3621(e) early release date to be moved up to July 16, 2018. (Acevedo Decl. ¶ 17.)

## II. Analysis

Petitioner argues that the BOP abused its discretion by not following the factors enumerated in 18 U.S.C. § 3621(b) when deciding on his RRC placement. (Habeas Pet. 7–8; Doc. No. 3, Pet'r's Mem. 2–3.) Petitioner also argues that his RRC placement was

5

not considered on an individual basis, and the amount of time for placement is not "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 28 C.F.R. § 570.22; (Habeas Pet. 8; Pet'r's Mem. 3). Respondent argues that the petition should be dismissed for lack of subject-matter jurisdiction because BOP decisions on RRC and home placement are not subject to review under the Administrative Procedures Act ("APA"). (Doc. No. 6, Resp't's Mem. 7–9.) Alternatively, Respondent argues that the petition should be denied on the merits because Petitioner has no constitutional right to RRC or home confinement or early release for completing RDAP; the BOP properly complied with its duty to review Petitioner for pre-release placement; and § 3621(e) does not create a protected right to an early release for successful completion of RDAP. (*Id.* at 9–14.)

### A.     Petitioner's Petition Should be Dismissed for Lack of Subject-Matter Jurisdiction[2]

Under the APA, courts can review decisions of federal administrative agencies to determine whether they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). APA review is not allowed, however, where judicial review is precluded by statute, or where agency action is committed to agency discretion by law. 5 U.S.C. § 701(a).

---

[2]     Petitioner filed this action in the correct venue, and 28 U.S.C. § 2241 is the correct statutory vehicle for Petitioner's claims. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) ("[A] claim attacking the execution of [a] sentence should be brought in a § 2241 petition in the jurisdiction of incarceration.").

One statute that precludes judicial review is 18 U.S.C. § 3625, which provides that the "provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." The phrase "this subchapter" refers to subchapter C, 18 U.S.C. §§ 3621–3626, which generally govern BOP authority with respect to federal prisoners. *See Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) (explaining that § 3625, which exempts "any determination, decision, or order under [§§ 3621–3626]" from review under the Administrative Procedure Act, "precludes judicial review of [BOP] adjudicative decisions"); *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2001) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."). Several courts in this district have held that § 3625 precludes judicial review of the BOP's discretionary decisions under §§ 3621 and 3624 in the context of RRC and home placement. *See Simon v. LaRiva*, Case No. 16-cv-146 (ADM/TNL), 2016 WL 1626819, at *6 (D. Minn. Mar. 10, 2016) ("The BOP's decision ultimately to place Petitioner in home confinement for three months, rather than six months, was discretionary and this Court lacks subject matter jurisdiction over Petitioner's challenge to the BOP's application of the § 3621(b) factors and other considerations in reaching that decision."); *Crawford v. Nicklin*, Civil No. 13-2462, 2014 WL 538699, at *7 (D. Minn. Feb. 11, 2014) ("Courts in this District have also found § 3625 precludes judicial review of BOP discretionary decisions under § 3621.") (collecting cases); *Barakat v. Fisher*, No. 13-1296, 2013 WL 6058932, at *1 (D. Minn.

7

Nov. 18, 2013) ("To the extent Barakat challenges the particular determination in his case of the RRC placement, the Court lacks subject matter jurisdiction to review the [BOP's] discretionary decision . . . ."); *Ambrose v. Jett*, No. 13-2343, 2013 WL 6058989, at *7 (D. Minn. Nov. 15, 2013) ("[T]his Court does not have jurisdiction to review the ultimate discretionary decision by the BOP under §§ 3621(b) or 3264(c) to place Ambrose in an RRC or in home confinement placement.").

As noted above, the five factors for BOP placement review are as follows: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. 18 U.S.C. § 3621(b).

Pursuant to those factors, on June 22, 2017, the BOP recommended pre-release RRC placement for a variety of reasons, including Petitioner's participation in educational vocational programs, counseling programs, RDAP, completion of financial responsibility payments, participation in the release preparation, and the availability of significant resources to him upon his release, including family support, general job skills, and life skills. (Acevedo Decl. ¶ 12, Ex. C.) The BOP's initial recommendation was for pre-release placement on January 24, 2018, with a release date of July 22, 2018. Subsequent to that initial recommendation, Petitioner's dates were adjusted due to the availability of beds at the Davenport RRC. After several adjustments, Petitioner's RRC

8

placement date was set for March 13, 2018, and his projected § 3621(e) early release date is now July 16, 2018. Thus, the BOP considered the § 3621(b) factors, relying primarily on the history and characteristics of the prisoner and the resources of the contemplated facility. This is a discretionary determination not subject to review in federal court. *See Simon*, 2016 WL 162819, at *5 ("So long as the BOP made an individualized determination in accordance with the appropriate considerations, this Court does not have jurisdiction to evaluate the BOP's exercise of discretion.").[3]

### B.   Alternatively, the Petition Should be Denied on the Merits

Section 3625 generally precludes judicial review of BOP discretionary decisions, but it does not preclude judicial review for any allegations that the BOP's action is contrary to established federal law, violates the Constitution, or exceeds statutory authority. *See Ambrose*, 2013 WL 6058989, at *7 (citing *Tapia v. United States*, 131 S. Ct. 2382, 2390–91 (2011); *Reeb*, 636 F.3d at 1228). As discussed in the previous section, the BOP has been given the statutory authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). RRCs and home confinement are considered places

---

[3]   Petitioner argues that the reduction in placement from six months to four months due to facility resources shows that he was not considered on an individual basis. (Habeas Pet. 8; Pet'r's Mem. 3.) Petitioner cites 28 C.F.R. § 570.22, which provides that inmates "will be considered for pre-release community confinement *in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis*, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." (Emphasis added.) Petitioner was considered on an individual basis pursuant to the factors set forth in § 3621(b), one of which is the resources of the facility contemplated for placement. Petitioner appears to be arguing that the reduction due to facility resources can be separated from the initial determination of eligibility, but they are part of the same placement decision.

9

of confinement or imprisonment pursuant to this authority. *See id.* § 3624(c); *Elwood v. Jeter*, 386 F.3d 842, 846 (8th Cir. 2004). Moreover, Petitioner does not have a constitutionally protected liberty interest in serving his sentence at a particular institution. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996). Therefore, this action should be denied on the merits, if not dismissed for lack of subject-matter jurisdiction, because Petitioner has no constitutional right to a pre-release RRC or home confinement placement or to an early release for completing an RDAP. *See Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000) ("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); *Giannini v. Fed. Bureau of Prisons*, 405 F. App'x 96, 97 (8th Cir. 2010) ("[N]either the Due Process Clause nor 18 U.S.C. § 3621(e)(2)(B) creates a liberty interest in receiving a sentence reduction upon completion of a Bureau of Prisons residential drug abuse program.").

### III.   Recommendation

For the reasons stated above, and based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a writ of habeas corpus (Doc. No. 1) be **DISMISSED** for lack of subject-matter jurisdiction, or in the alternative, be **DENIED** on the merits; and

2. This action be **DISMISSED WITH PREJUDICE**.

Date: April 2, 2018.    *s/ Becky R. Thorson*_____
                        BECKY R. THORSON
                        United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).